IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INVIDI TECHNOLOGIES CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 11-397 (SLR) ) |
| VISIBLE WORLD, INC. and CABLEVISION SYSTEMS CORPORATION, | ) DEMAND FOR JURY TRIAL ) ) ) |
| Defendants. | ) |

**DEFENDANT VISIBLE WORLD, INC.'S ANSWER AND COUNTERCLAIMS**

Defendant Visible World, Inc. ("Visible World") files this Answer and Counterclaims in response to the Complaint by Plaintiff Invidi Technologies Corporation ("Invidi").

## ANSWER

### PARTIES

1. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint and accordingly these allegations are denied.

2. Visible World admits only that it is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 460 West 34th Street, Floor 14, New York, New York 10001. Visible World denies all remaining allegations in Paragraph 2 of the Complaint.

3. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and accordingly these allegations are denied.

## NATURE OF ACTION

4. Visible World admits only that the Complaint alleges patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 1 et seq. Visible World denies all remaining allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Visible World admits only that Invidi purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a). Visible World denies all remaining allegations in Paragraph 5 of the Complaint.

6. Visible World does not contest that the Court has personal jurisdiction over it for purposes of this action only. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision Systems Corporation ("Cablevision") in Paragraph 6 of the Complaint and accordingly these allegations are denied. Visible World denies all remaining allegations in Paragraph 6 of the Complaint.

## INVIDI

7. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint and accordingly these allegations are denied.

8. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint and accordingly these allegations are denied.

9. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and accordingly these allegations are denied.

10. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and accordingly these allegations are denied.

11. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and accordingly these allegations are denied.

12. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and accordingly these allegations are denied.

13. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Complaint and accordingly these allegations are denied.

14. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint and accordingly these allegations are denied.

15. Visible World admits that United States Patent No. 5,661,516 ("the '516 patent") issued on August 26, 1997, is entitled "System and Method for Selectively Distributing Commercial Messages over a Communications Network," and that a copy of the '516 patent is attached to the Complaint as "Exhibit A." Visible World is without knowledge or information sufficient to form a belief as to the extent of Invidi's interest, if any, in the '516 patent, and accordingly these allegations are denied. Visible World denies all remaining allegations of Paragraph 15 of the Complaint, and in particular that the '516 patent was duly and legally issued.

16. Visible World denies all allegations of Paragraph 16 of the Complaint.

17. Visible World admits that the '516 patent purports to claim systems and methods for "selectively distributing commercial messages over a communications network." Except as so admitted, Visible World denies all allegations of Paragraph 17 of the Complaint.

18. Visible World denies all allegations of Paragraph 18 of the Complaint.

19. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 19 of the Complaint and accordingly these allegations are denied. Visible World admits only that it was aware of the '516 patent before Invidi filed its Complaint. Visible World denies all remaining allegations of Paragraph 19 of the Complaint.

## VISIBLE WORLD

20. Visible World denies all allegations of Paragraph 20 of the Complaint.

21. Visible World admits only that it has a product named Connect. Visible World denies all other allegations of Paragraph 21 of the Complaint.

22. Visible World admits only that it has a product named Connect. Visible World denies all other allegations of Paragraph 22 of the Complaint.

23. Visible World admits only that it has a product named Conductor. Visible World denies all other allegations of Paragraph 23 of the Complaint.

24. Visible World admits only that it has products named Connect and Conductor. Visible World denies all other allegations of Paragraph 24 of the Complaint.

25. Visible World denies all allegations of Paragraph 25 of the Complaint.

26. Visible World denies all allegations of Paragraph 26 of the Complaint.

27. Visible World denies all allegations of Paragraph 27 of the Complaint.

28. Visible World denies all allegations of Paragraph 28 of the Complaint.

29. Visible World denies all allegations of Paragraph 29 of the Complaint.

30. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 30 of the Complaint and accordingly these allegations are denied. Visible World denies all other allegations of Paragraph 30 of the Complaint.

## CABLEVISION

31. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 31 of the Complaint and accordingly these allegations are denied. Visible World denies all remaining allegations of Paragraph 31 of the Complaint.

32. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 32 of the Complaint and accordingly these allegations are denied. Visible World denies all remaining allegations of Paragraph 32 of the Complaint.

33. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 33 of the Complaint and accordingly these allegations are denied. Visible World denies all remaining allegations of Paragraph 33 of the Complaint.

34. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 34 of the Complaint and accordingly these allegations are denied. Visible World denies all remaining allegations of Paragraph 34 of the Complaint.

35. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 35 of the Complaint and accordingly these allegations are denied. Visible World denies all remaining allegations of Paragraph 35 of the Complaint.

36. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 36 of the Complaint and accordingly these allegations are denied. Visible World denies all remaining allegations of Paragraph 36 of the Complaint.

## COUNT I

37. Visible World incorporates by reference the responses in Paragraphs 1-36 above.

38. Visible World denies all allegations of Paragraph 38 of the Complaint.

39. Visible World denies all allegations of Paragraph 39 of the Complaint.

## COUNT II

40. Visible World incorporates by reference the responses in Paragraphs 1-39 above.

41. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Complaint concerning Cablevision and accordingly these allegations are denied. Visible World denies all remaining allegations of Paragraph 41 of the Complaint.

42. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the Complaint concerning Cablevision and accordingly these allegations are denied. Visible World denies all remaining allegations of Paragraph 42 of the Complaint.

## COUNT III

43. Visible World incorporates by reference the responses in Paragraphs 1-42 above.

44. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the Complaint concerning Cablevision and accordingly these allegations are denied. Visible World denies all remaining allegations of Paragraph 44 of the Complaint.

45. Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Complaint concerning Cablevision and accordingly these allegations are denied. Visible World denies all remaining allegations of Paragraph 45 of the Complaint.

## INVIDI'S PRAYER FOR RELIEF

46. Visible World denies that Invidi is entitled to the relief requested or any other relief.

## FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

47. Invidi has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE – PATENT INVALIDITY

48. Each and every claim of the '516 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE – NONINFRINGEMENT

49. Visible World, either individually or jointly with any other party, has not infringed, contributorily infringed, or induced the infringement of any valid and enforceable claim of the '516 patent, either literally or under the doctrine of equivalents, and has not willfully infringed.

## FOURTH AFFIRMATIVE DEFENSE – EQUITABLE BARS

50. Invidi's claims are barred in whole or in part by the doctrine of estoppel, laches and/or other equitable doctrines.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

51. Visible World's investigations into the allegations set forth in Invidi's Complaint are ongoing and discovery has not yet commenced. Visible World expressly reserves the right to assert and pursue additional defenses.

## VISIBLE WORLD'S COUNTERCLAIMS

1. Visible World is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York. On information and belief, plaintiff Invidi Technologies Corporation is a corporation organized under the laws of the State of Delaware, having its principal place of business in Princeton, New Jersey.

2. These counterclaims are for declaratory judgment relief arising under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, 35 U.S.C. § 101 et seq.

3. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), and 1367.

4. Venue in this district is proper for Visible World's counterclaims under 28 U.S.C. § 1391(b) and (c).

## COUNT I
## DECLARATORY JUDGMENT OF
## NONINFRINGEMENT OF THE '516 PATENT

5. Visible World incorporates by reference the allegations made in its affirmative defenses and in Paragraphs 1-4 of Visible World's Counterclaims above.

6. An actual controversy exists between Visible World and Invidi over the alleged infringement, contributory infringement, or the inducement of infringement of the '516 patent.

7. Visible World, either individually or jointly with any other party, has not infringed, contributorily infringed, or induced the infringement of any valid and enforceable claim of the '516 patent, either literally or under the doctrine of equivalents.

8. Visible World, either individually or jointly with any other party, has not willfully infringed, contributorily infringed, or induced the infringement of any valid and enforceable claim of the '516 patent, either literally or under the doctrine of equivalents.

9. Invidi's claims that Visible World, either individually or jointly with any other party, has or is infringing, contributorily infringing, or actively inducing the infringement of the '516 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling Visible World to recover its attorneys' fees, costs, and expenses incurred in defending against these claims.

## COUNT II
## DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '516 PATENT

10. Visible World incorporates by reference the allegations made in its affirmative defenses and in Paragraphs 1-9 of its Counterclaims above.

11. An actual controversy exists between Visible World and Invidi over the invalidity of the '516 patent.

12. All claims of the '516 patent are invalid in light of the failure to comply with one or more requirements of at least 35 U.S.C. §§ 101, 102, 103 and/or 112.

### RIGHT TO ASSERT ADDITIONAL COUNTERCLAIMS

Visible World's investigations into the allegations set forth in Invidi's Complaint are ongoing and discovery has not yet commenced. Visible World expressly reserves the right to assert and pursue additional counterclaims.

## **PRAYER FOR RELIEF**

For the reasons set forth above, Visible World prays for the Court's judgment that:

a) The claims of the '516 patent are invalid;

b) Visible World, either individually or jointly with any other party, has not infringed, contributorily infringed, or induced the infringement of any claim of the '516 patent;

c) Plaintiff's Complaint be dismissed with prejudice;

d) Plaintiff take nothing by reason of its claims against Visible World;

e) This case is exceptional and entitles Visible World to an award of its costs, expenses, and attorneys' fees under 35 U.S.C. § 285; and

f) Visible World be granted such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Visible World, Inc.*

OF COUNSEL:

John E. Nathan
Catherine Nyarady
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

November 14, 2011
4597874.1

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

>Thomas L. Halkowski, Esquire
>FISH & RICHARDSON P.C.

I further certify that I caused copies of the foregoing document to be served on November 14, 2011, upon the following in the manner indicated:

| | |
|---|---|
| Thomas L. Halkowski, Esquire<br>FISH & RICHARDSON P.C.<br>222 Delaware Avenue, 17th Floor<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL* |
| Frank E. Scherkenbach, Esquire<br>Steven R. Katz, Esquire<br>FISH & RICHARDSON P.C.<br>One Marina Park Drive<br>Boston, MA 02210 | *VIA ELECTRONIC MAIL* |

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)