IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INVIDI TECHNOLOGIES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 11-397 (RGA) (CJB) |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| VISIBLE WORLD, INC. and CSC HOLDINGS, LLC, | ) ) ) | REDACTED - PUBLIC VERSION |
| Defendants. | ) | |

## DEFENDANT VISIBLE WORLD, INC.'S ANSWER AND COUNTERCLAIMS TO INVIDI'S FIRST AMENDED COMPLAINT

Defendant Visible World, Inc. ("Visible World") files this Answer and Counterclaims in response to the First Amended Complaint filed against it by Plaintiff Invidi Technologies Corporation ("Invidi").

## ANSWER TO THE FIRST AMENDED COMPLAINT

## PARTIES

1.      Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the First Amended Complaint and accordingly these allegations are denied.

2.      Visible World admits only that it is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business at 460 West 34th Street, Floor 14, New York, New York 10001. Visible World denies all remaining allegations in Paragraph 2 of the First Amended Complaint.

3.      Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the First Amended Complaint and accordingly these allegations are denied.

## NATURE OF ACTION

4.      Visible World admits only that the First Amended Complaint alleges patent infringement arising under the Patent Act of the United States, 35 U.S.C. §§ 1 et seq.  Visible World denies all remaining allegations in Paragraph 4 of the First Amended Complaint.

## JURISDICTION AND VENUE

5.      Visible World admits only that Invidi purports to invoke the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Visible World denies all remaining allegations in Paragraph 5 of the First Amended Complaint.

6.      Visible World does not contest that the Court has personal jurisdiction over it for purposes of this action only.  Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning CSC Holdings, LLC ("Cablevision") in Paragraph 6 of the First Amended Complaint and accordingly these allegations are denied.  Visible World denies all remaining allegations in Paragraph 6 of the First Amended Complaint.

## INVIDI

7.      Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the First Amended Complaint and accordingly these allegations are denied.

8.      Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the First Amended Complaint and accordingly these allegations are denied.

9.     Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the First Amended Complaint and accordingly these allegations are denied.

10.     Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the First Amended Complaint and accordingly these allegations are denied.

11.     Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the First Amended Complaint and accordingly these allegations are denied.

12.     Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the First Amended Complaint and accordingly these allegations are denied.

13.     Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the First Amended Complaint and accordingly these allegations are denied.

14.     Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the First Amended Complaint and accordingly these allegations are denied.

15.     Visible World admits that United States Patent No. 5,661,516 ("the '516 patent") issued on August 26, 1997, is entitled "System and Method for Selectively Distributing Commercial Messages over a Communications Network," and that a copy of the '516 patent is attached to the First Amended Complaint as "Exhibit A."   Visible World is without knowledge or information sufficient to form a belief as to the extent of

Invidi's interest, if any, in the '516 patent, and accordingly these allegations are denied. Visible World denies all remaining allegations of Paragraph 15 of the First Amended Complaint, and in particular that the '516 patent was duly and legally issued.

16.    Visible World denies all allegations of Paragraph 16 of the First Amended Complaint.

17.    Visible World admits that the '516 patent purports to claim systems and methods for "selectively distributing commercial messages over a communications network." Except as so admitted, Visible World denies all allegations of Paragraph 17 of the First Amended Complaint.

18.    Visible World denies all allegations of Paragraph 18 of the First Amended Complaint.

19.    Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 19 of the First Amended Complaint and accordingly these allegations are denied. Visible World admits only that it was aware of the '516 patent before Invidi filed its First Amended Complaint. Visible World denies all remaining allegations of Paragraph 19 of the First Amended Complaint.

## **VISIBLE WORLD**

20.    Visible World denies all allegations of Paragraph 20 of the First Amended Complaint.

21.    Visible World admits only that it has a product named Connect. Visible World denies all other allegations of Paragraph 21 of the First Amended Complaint.

4

22.     Visible World admits only that it has a product named Connect. Visible World denies all other allegations of Paragraph 22 of the First Amended Complaint.

23.     Visible World admits only that it has a product named Conductor. Visible World denies all other allegations of Paragraph 23 of the First Amended Complaint.

24.     Visible World admits only that it has products named Connect and Conductor.   Visible World denies all other allegations of Paragraph 24 of the First Amended Complaint.

25.     Visible World denies all allegations of Paragraph 25 of the First Amended Complaint.

26.     Visible World denies all allegations of Paragraph 26 of the First Amended Complaint.

27.     Visible World denies all allegations of Paragraph 27 of the First Amended Complaint.

28.     Visible World denies all allegations of Paragraph 28 of the First Amended Complaint.

29.     Visible World denies all allegations of Paragraph 29 of the First Amended Complaint.

30.     Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 30 of the First Amended Complaint and accordingly these allegations are denied.   Visible World denies all other allegations of Paragraph 30 of the First Amended Complaint.

## **CABLEVISION**

31.    Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 31 of the First Amended Complaint and accordingly these allegations are denied.   Visible World denies all remaining allegations of Paragraph 31 of the First Amended Complaint.

32.    Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 32 of the First Amended Complaint and accordingly these allegations are denied.   Visible World denies all remaining allegations of Paragraph 32 of the First Amended Complaint.

33.    Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 33 of the First Amended Complaint and accordingly these allegations are denied.   Visible World denies all remaining allegations of Paragraph 33 of the First Amended Complaint.

34.    Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 34 of the First Amended Complaint and accordingly these allegations are denied.   Visible World denies all remaining allegations of Paragraph 34 of the First Amended Complaint.

35.    Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 35 of the First Amended Complaint and accordingly these allegations are denied.   Visible World denies all remaining allegations of Paragraph 35 of the First Amended Complaint.

36.    Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Cablevision in Paragraph 36 of

the First Amended Complaint and accordingly these allegations are denied.  Visible World denies all remaining allegations of Paragraph 36 of the First Amended Complaint.

### COUNT I

37.     Visible World incorporates by reference the responses in Paragraphs 1-36 above.

38.     Visible World denies all allegations of Paragraph 38 of the First Amended Complaint.

39.     Visible World denies all allegations of Paragraph 39 of the First Amended Complaint.

### COUNT II

40.     Visible World incorporates by reference the responses in Paragraphs 1-39 above.

41.     Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the First Amended Complaint concerning Cablevision and accordingly these allegations are denied.  Visible World denies all remaining allegations of Paragraph 41 of the First Amended Complaint.

42.     Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42 of the First Amended Complaint concerning Cablevision and accordingly these allegations are denied.  Visible World denies all remaining allegations of Paragraph 42 of the First Amended Complaint.

### COUNT III

43.     Visible World incorporates by reference the responses in Paragraphs 1-42 above.

44.     Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 44 of the First Amended Complaint concerning Cablevision and accordingly these allegations are denied.  Visible World denies all remaining allegations of Paragraph 44 of the First Amended Complaint.

45.     Visible World is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the First Amended Complaint concerning Cablevision and accordingly these allegations are denied.  Visible World denies all remaining allegations of Paragraph 45 of the First Amended Complaint.

## INVIDI'S PRAYER FOR RELIEF

46.     Visible World denies that Invidi is entitled to the relief requested or any other relief.

## FIRST AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

47.     Invidi has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE – PATENT INVALIDITY

48.     Each and every claim of the '516 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE – NONINFRINGEMENT

49.     Visible World, either individually or jointly with any other party, has not infringed, contributorily infringed, or induced the infringement of any valid and enforceable claim of the '516 patent, either literally or under the doctrine of equivalents, and has not willfully infringed.

## FOURTH AFFIRMATIVE DEFENSE – EQUITABLE BARS

50.     Invidi's claims are barred in whole or in part by the doctrine of estoppel, laches and/or other equitable doctrines.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

51.     Visible World's investigations into the allegations set forth in Invidi's First Amended Complaint are ongoing.  Visible World expressly reserves the right to assert and pursue additional defenses.

## VISIBLE WORLD'S COUNTERCLAIMS

1.     Visible World is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.  On information and belief, plaintiff Invidi Technologies Corporation is a corporation organized under the laws of the State of Delaware, having its principal place of business in Princeton, New Jersey.

2.     These counterclaims arise under 28 U.S.C. §§ 2201 and 2202; the patent laws of the United States, 35 U.S.C. § 101 *et seq.*; the antitrust laws of the United States, 15 U.S.C. § 1 *et seq.*; Delaware's Uniform Deceptive Trade Practices Act, 6 Del. C. § 2532 *et seq.*; and the common law.

3.     Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1337, 1338, and 1367.

4.     Venue in this district is proper for Visible World's counterclaims under 28 U.S.C. § 1391(b) and (c).

## DECLARATORY JUDGMENT COUNTERCLAIMS

### COUNT I
### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '516 PATENT

5.      Visible World incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-4 of Visible World's Counterclaims above.

6.      An actual controversy exists between Visible World and Invidi over the alleged infringement, contributory infringement, or the inducement of infringement of the '516 patent.

7.      Visible World, either individually or jointly with any other party, has not infringed, contributorily infringed, or induced the infringement of any valid and enforceable claim of the '516 patent, either literally or under the doctrine of equivalents.

8.      Visible World, either individually or jointly with any other party, has not willfully infringed, contributorily infringed, or induced the infringement of any valid and enforceable claim of the '516 patent, either literally or under the doctrine of equivalents.

9.      Invidi's claims that Visible World, either individually or jointly with any other party, has been or is infringing, contributorily infringing, or actively inducing the infringement of the '516 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling Visible World to recover its attorneys' fees, costs, and expenses incurred in defending against these claims.

### COUNT II
### DECLARATORY JUDGMENT OF
### INVALIDITY OF THE '516 PATENT

10.      Visible World incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-9 of its Counterclaims above.

11.     An actual controversy exists between Visible World and Invidi over the invalidity of the '516 patent.

12.     All claims of the '516 patent are invalid in light of the failure to comply with one or more requirements of at least 35 U.S.C. §§ 101, 102, 103 and/or 112.

## ANTITRUST AND STATE LAW COUNTERCLAIMS

13.     Visible World incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-12 of its Counterclaims above.

14.     Invidi's allegations in this action are objectively baseless.

15.     For example, the written description and claims of the '516 patent clearly define the claimed invention as covering systems and methods wherein commercial messages are selected for transmission to a specific home or set of homes based on an analysis of a database of demographic information.  As disclosed to Invidi during discovery in this action, Visible World does not engage in such activities or actively induce others to do so.

16.     Invidi's infringement contentions, and presumptive claim construction positions, are a frivolous attempt to expand the scope of the claims of the '516 patent to allege infringement by Visible World.  Moreover, if given the scope put forward by Invidi, the claims of the '516 patent would be clearly invalid.

17.     Invidi knew that its allegations were baseless in threatening to and seeking to enforce the '516 patent.

18.     For example, Invidi had sufficient information regarding Visible World's household addressable advertising solutions at all relevant times, including knowledge that third party data providers such as Experian were required to conduct any

analysis involving demographic data, to know that Visible World did not infringe the '516 patent.

19.



20.     A number of allegations in Invidi's original Complaint filed on May 5, 2011, including (1) that "[Visible World] offers a web-based campaign management tool, the Visible World Conductor, which enables advertisers to automate data-driven ad targeting" by "facilitat[ing] segmentation of TV ads to enable household addressable advertisement campaigns" (Compl. ¶ 23); (2) that "household demographic information is stored in a  database accessible to the [Visible World] products and is derived from third party demographic data repositories such as Nielsen, Experian, and Acxiom" (Compl. ¶ 25); and (3) that "Cablevision uses the information from the [Visible World] household addressable advertising system to transmit commercial messages to specific households based on the set top box address of the set top boxes associated with the household being targeted by the addressable advertisement" (Compl. ¶ 35), are clearly and unmistakably false.

21.     Regardless of what Invidi may have believed at the time it filed its original Complaint on May 5, 2011, Invidi has now had discovery, including extensive document discovery and depositions of technical witnesses, which demonstrated that the above allegations listed in Paragraph 20 are clearly and unmistakably false.  Nonetheless, Invidi repleaded these allegations unchanged in its First Amended Complaint.

22.     At all relevant times, Invidi pursued its baseless allegations with the specific intent to interfere with Visible World's business and monopolize a relevant market.

23.     Invidi made or caused to be made threatening communications to one or more current or prospective customers or partners of Visible World in an effort to intimidate and discourage them from buying, using, selling, and/or promoting Visible World's household addressable advertising solutions and from entering into relationships to do so, and to foreclose Visible World from competing on the merits.

24.     For example, ████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████

25.     Invidi, aware that its infringement allegations were baseless, filed a Complaint and a First Amended Complaint (the "lawsuit") in this District in an effort to intimidate and discourage Visible World and its actual and potential customers and partners from buying, using, selling, and/or promoting Visible World's household

addressable advertising solutions and from entering into relationships to do so, and to foreclose Visible World from competing on the merits.

26.      For example, Invidi's lawsuit names Cablevision as a defendant to intimidate and discourage Cablevision and others from buying, using, selling, and/or promoting Visible World's household addressable advertising solutions and from entering into relationships to do so, and to foreclose Visible World from competing on the merits.

27.      Invidi's lawsuit seeks damages and injunctive relief in an effort to discourage Visible World and others from buying, using, selling, and/or promoting Visible World's household addressable advertising solutions and from entering into relationships to do so, and to foreclose Visible World from competing on the merits.

28.      Invidi's lawsuit seeks to discourage competition on the merits by imposing financial hardships on Visible World and others by forcing them to defend this case, among other things.

29.      The properly defined relevant product market is the market for household addressable advertising solutions. The properly defined geographic market is the United States.

30.      Household addressable advertising solutions constitute a relevant product market, separate from other forms of advertising. The distinct characteristics and potential benefits of household addressable advertising differentiate it from the broader market for advertising.

31.      There are significant barriers to entry in the market for household addressable advertising solutions, including Invidi's anticompetitive activities. There are

few providers of household addressable advertising solutions beyond Invidi and Visible World, whom Invidi seeks to shut out by this lawsuit.  Invidi's actions are calculated to stymie growth by Visible World and preserve or enhance, by unlawful means, Invidi's share, all at the expense of consumers.

32.     The trade and interstate commerce relevant to this action is the provision of household addressable advertising solutions.

33.     Invidi participates in the sale of household addressable advertising solutions across state lines.

34.     Invidi's activities have excluded competition and restrained trade in the relevant markets and have directly and adversely affected Visible World's ability to provide household addressable advertising solutions.

35.     Invidi has acted and will continue to act to drive Visible World out of the market.  This will stifle competition in the current market and will chill future competition by ensuring any potential market entrants will have to weigh the benefit of entering against defending Invidi's anticompetitive practices.

36.     Visible World is incurring great expenses to defend this lawsuit and navigate Invidi's unlawful practices.

37.     By its conduct, including this lawsuit, Invidi defames Visible World and harms its reputation.

38.     By its conduct, including this lawsuit, Invidi is harming Visible World's continuing operations and future business opportunities.

**COUNT III**
**SHERMAN ACT § 2**

39.     Visible World incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-38 of its Counterclaims above.

40.     Invidi either currently has monopoly power in the properly defined relevant market, or has a dangerous probability of success in achieving monopoly power in the relevant market.

41.     As a result of the intentional exclusionary conduct detailed above, including by filing this objectively baseless lawsuit, Invidi has maintained and/or enhanced its monopoly power in the relevant market artificially, and thus prevented actual and/or potential competitors from competing on the merits.

42.     Invidi's conduct has had and/or is likely to have the following effects, among others:

   a.   actual and potential competition in the relevant market has been injured, limited, reduced, restrained, suppressed and effectively foreclosed;

   b.   customers in the relevant market, including but not limited to Cablevision, have paid or are likely to pay anticompetitive prices and have received or are likely to receive lower quality products and services, and have been injured in their business and property;

   c.   actual or potential customers in the relevant markets have been forced or are likely to be forced to accept defective products and services; and

   d.   actual and potential competitors of Invidi have been effectively foreclosed from competing on the merits with Invidi in the relevant market.

43.     Invidi's actions achieve no legitimate competitive benefit to counterbalance the anticompetitive effects of Invidi's exclusionary conduct.

44.     Visible World has been harmed and can reasonably expect to be harmed by Invidi's exclusionary conduct.  This harm will continue and can reasonably be expected to continue as long as Invidi continues to falsely assert that the '516 patent is infringed by Visible World.

## COUNT IV
## DECEPTIVE TRADE PRACTICES – 6. DEL. C. § 2532 *et seq.*

45.     Visible World incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-44 of its Counterclaims above.

46.     Invidi has engaged in deceptive trade practices, in violation of 6 Del. C. § 2532, by disparaging Visible World's goods, services, and businesses by falsely and misleadingly alleging that Visible World's products and services infringe the '516 patent and that cable operators, media agencies, and advertisers who partnered with, or contracted for the products and services of, Visible World would not be able to continue using Visible World's household addressable advertising solutions.

47.     Invidi has engaged in deceptive trade practices, in violation of 6 Del. C. § 2532, by falsely representing that the '516 patent gives Invidi a monopoly on household addressable advertising, and that only Invidi can lawfully provide products and services related to household addressable advertising.

48.     Invidi has engaged in deceptive trade practices, in violation of 6 Del. C. § 2532, by engaging in other conduct that creates a likelihood of confusion or misunderstanding, including but not limited to, instituting and prosecuting objectively baseless patent litigation designed only for improper purposes.

49.     Invidi has acted in bad faith while engaging in these deceptive trade practices.

50.     Visible World has been harmed and can reasonably expect to be harmed by Invidi's deceptive trade practices.  This harm will continue and can reasonably be expected to continue as long as Invidi continues to falsely assert that the '516 patent is infringed by Visible World.

## COUNT V
## UNFAIR COMPETITION

51.     Visible World incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-50 of its Counterclaims above.

52.     Invidi's misleading and deceptive conduct detailed above, including misrepresentations, threats, and other efforts to enforce the '516 patent it knew to be not infringed and/or invalid, constitutes common law unfair competition.

53.     Invidi unlawfully defamed Visible World and others by its conduct detailed above, including by filing this lawsuit.

54.     Invidi unlawfully disparaged Visible World and others by its conduct detailed above, including by filing this lawsuit.

55.     Invidi unlawfully intimidated Visible World's current and prospective partners and customers as detailed above, including by making or causing to be made threatening communications and by filing this lawsuit.

56.     Visible World has been harmed and can reasonably expect to be harmed by Invidi's unfair competition.  This harm will continue and can reasonably be expected to continue as long as Invidi continues to falsely assert that the '516 patent is infringed by Visible World.

## COUNT VI
## TORTIOUS INTERFERENCE

57.     Visible World incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-56 of its Counterclaims above.

58.     Visible World has and continues to develop relationships in furtherance of selling and promoting its products and services related to household addressable advertising.

18

59.     Invidi was and is aware of Visible World's current and prospective relationships.

60.     By its conduct as detailed above, Invidi tortiously and in bad faith interfered with Visible World's current and prospective relationships.

61.     Invidi's conduct was intended to interfere with Visible World's current and prospective relationships and Visible World's legitimate business expectations.

62.     Visible World has been harmed and can reasonably expect to be harmed by Invidi's tortious interference.  This harm will continue and can reasonably be expected to continue as long as Invidi continues to falsely assert that the '516 patent is infringed by Visible World.

## RIGHT TO ASSERT ADDITIONAL COUNTERCLAIMS

Visible World's investigations into the allegations set forth in Invidi's First Amended Complaint are ongoing.  Visible World expressly reserves the right to assert and pursue additional counterclaims.

## PRAYER FOR RELIEF

For the reasons set forth above, Visible World prays for the Court's judgment that:

a)     The claims of the '516 patent are invalid;

b)     Visible World, either individually or jointly with any other party, has not infringed, contributorily infringed, or induced the infringement of any claim of the '516 patent;

c)     Plaintiff's First Amended Complaint be dismissed with prejudice;

d)     Plaintiff take nothing by reason of its claims against Visible World;

19

e)        Visible World is entitled to money damages as a result of Invidi's violation of the antitrust laws, deceptive trade practices, unfair competition, and tortious interference, including compensatory damages, treble damages, punitive damages, and attorneys' fees and costs under 15 U.S.C. § 15(a), 6 Del. C. § 2533, and the common law.

f)        Plaintiff cease all anticompetitive and unlawful activities;

g)        This case is exceptional and entitles Visible World to an award of its costs, expenses, and attorneys' fees under 35 U.S.C. § 285;

h)        Visible World is entitled to an award of its costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927; and

i)        Visible World be granted such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Regina S.E. Murphy*

_____
Jack B. Blumenfeld (#1014)
Regina S.E. Murphy (#5648)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rmurphy@mnat.com

*Attorneys for Visible World, Inc. and CSC Holdings, LLC*

OF COUNSEL:

John E. Nathan
Catherine Nyarady
Andrew S. Brown
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019
*Attorneys for Visible World, Inc. and Cablevision Systems Corporation*

September 27, 2012 - Original Filing Date
October 3, 2012 - Redacted Filing Date
6489678.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 27, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 27, 2012, upon the following in the manner indicated:

Thomas L. Halkowski, Esquire                    *VIA ELECTRONIC MAIL*
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801

Frank E. Scherkenbach, Esquire                  *VIA ELECTRONIC MAIL*
Steven R. Katz, Esquire
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA  02210

*/s/ Regina S.E. Murphy*
_____
Regina S.E. Murphy (#5648)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 3, 2012, upon the following in the manner indicated:

Thomas L. Halkowski, Esquire                                   *VIA ELECTRONIC MAIL*
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801

Frank E. Scherkenbach, Esquire                                *VIA ELECTRONIC MAIL*
Steven R. Katz, Esquire
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA  02210

*/s/ Jack B. Blumenfeld*

————————————————————————
Jack B. Blumenfeld (#1014)