IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INVIDI TECHNOLOGIES CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 11-397 (RGA) (CJB) |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| VISIBLE WORLD, INC. and CSC HOLDINGS, LLC, | ) ) ) | REDACTED - PUBLIC VERSION |
| Defendants. | ) ) ) | |

**DEFENDANT CSC HOLDINGS, LLC'S ANSWER AND COUNTERCLAIMS TO
INVIDI TECHNOLOGIES CORPORATION'S FIRST AMENDED COMPLAINT**

Defendant CSC Holdings, LLC ("Cablevision"), by and through its

attorneys, hereby answers the First Amended Complaint filed against it by Plaintiff Invidi

Technologies Corporation, as follows.

Cablevision states that it is answering in its own capacity and not that of

any subsidiary or affiliate and anything in the First Amended Complaint that is not

expressly admitted is hereby denied.

## ANSWER TO THE FIRST AMENDED COMPLAINT

### PARTIES

1.      Cablevision lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph 1 of the First Amended Complaint

and therefore denies these allegations.

2.      Cablevision lacks knowledge or information sufficient to form a

belief as to the truth of the allegations of Paragraph 2 of the First Amended Complaint

and therefore denies these allegations.

3.     Cablevision denies that it is a corporation but admits that it is a limited liability company "duly organized and existing under the laws of the State of Delaware with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714." Cablevision admits that it is a wholly owned subsidiary of Cablevision Systems Corporation, that it is a cable operator and that it employs addressable advertising. Cablevision denies the remaining allegations of Paragraph 3 of the First Amended Complaint.

### NATURE OF ACTION

4.     Cablevision admits that the First Amended Complaint purports to bring an action under Title 35 of the United States Code, but denies the legal sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claim thereunder.

### JURISDICTION AND VENUE

5.     Cablevision admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), but denies the legal sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claim thereunder

6.     Cablevision admits that this Court has personal jurisdiction over it and that it is a resident of Delaware under 28 U.S.C. § 1391 for the purposes of this litigation. Cablevision does not challenge the propriety of venue in this District under 28 U.S.C. §§ 1391(b)-(c) and 1400(b), but reserves the right to move to transfer or move to change this case to a more convenient forum. To the extent that the allegations in Paragraph 6 of the First Amended Complaint relate to Defendant Visible World, Inc.,

Cablevision lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

## INVIDI

7.      Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the First Amended Complaint and therefore denies these allegations.

8.      Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the First Amended Complaint and therefore denies these allegations.

9.      Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the First Amended Complaint and therefore denies these allegations.

10.      Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the First Amended Complaint and therefore denies these allegations.

11.      Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the First Amended Complaint and therefore denies these allegations.

12.      Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the First Amended Complaint and therefore denies these allegations.

13.     Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the First Amended Complaint and therefore denies these allegations.

14.     Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the First Amended Complaint and therefore denies these allegations.

15.     Cablevision admits that U.S. Patent No. 5,661,516 ("the '516 patent") is titled "System and Method for Selectively Distributing Commercial Messages Over a Communications Network," and states on its face that it issued on August 26, 1997.  Cablevision admits that Exhibit A to the First Amended Complaint purports to be a copy of the '516 patent.  Cablevision denies that the '516 patent was duly and legally issued.  Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 15 of the First Amended Complaint and therefore denies these allegations.

16.     Denied.

17.     The allegations in Paragraph 17 of the First Amended Complaint set forth legal conclusions to which no response is required.  To the extent Paragraph 17 of the First Amended Complaint contains factual allegations, Cablevision lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

18.     The allegations in Paragraph 18 of the First Amended Complaint set forth legal conclusions to which no response is required.  To the extent Paragraph 18 of the First Amended Complaint contains factual allegations, Cablevision lacks

knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

19.     To the extent the allegations of Paragraph 19 of the First Amended Complaint relate to Cablevision, Cablevision denies them.   As to the remaining allegations of Paragraph 19 of the First Amended Complaint, Cablevision lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

## VISIBLE WORLD

20.     Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the First Amended Complaint and therefore denies these allegations.

21.     Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the First Amended Complaint and therefore denies these allegations.

22.     Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the First Amended Complaint and therefore denies these allegations.

23.     Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the First Amended Complaint and therefore denies these allegations.

24.     Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the First Amended Complaint and therefore denies these allegations.

25.    Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the First Amended Complaint and therefore denies these allegations.

26.    Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26 of the First Amended Complaint and therefore denies these allegations.

27.    Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the First Amended Complaint and therefore denies these allegations.

28.    Cablevision lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the First Amended Complaint and therefore denies these allegations.

29.    Denied.

30.    To the extent that the allegations of Paragraph 30 of the First Amended Complaint relate to Cablevision, Cablevision denies them.  As to the remaining allegations of Paragraph 30 of the First Amended Complaint, Cablevision lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

## CABLEVISION

31.    Cablevision admits that it provides cable, internet, and voice services.  Cablevision denies the remaining allegations of Paragraph 31 of the First Amended Complaint.

32.     To the extent that the allegations of Paragraph 32 of the First Amended Complaint relate to Cablevision, Cablevision denies.  As to the remaining allegations of Paragraph 32 of the First Amended Complaint, Cablevision lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

**COUNT I**
**(Alleged Infringement By Visible World of United States Patent No. 5,661,516)**

37.     Cablevision incorporates its above responses to Paragraphs 1 through 36 of the First Amended Complaint.

38.     To the extent that the allegations in Paragraph 38 of the First Amended Complaint relate to Cablevision, Cablevision denies them.  To the extent the allegations in Paragraph 38 of the First Amended Complaint relate to Defendant Visible World, Inc., Cablevision lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

39.     To the extent that the allegations in Paragraph 39 of the First Amended Complaint relate to Cablevision, Cablevision denies them.  To the extent the allegations of Paragraph 39 of the First Amended Complaint relate to Defendant Visible World, Inc., Cablevision lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

## COUNT II
### (Alleged Infringement By Cablevision of United States Patent No. 5,661,516)

40.     Cablevision incorporates its above responses to Paragraphs 1 through 39 of the First Amended Complaint.

41.     Denied.

42.     Denied.

## COUNT III
### (Alleged Joint Infringement By Cablevision and
### Visible World of United States Patent No. 5,661,516)

43.     Cablevision incorporates its above responses to Paragraphs 1 through 42 of the First Amended Complaint.

44.     To the extent that the allegations in Paragraph 44 of the First Amended Complaint relate to Cablevision, Cablevision denies them.  To the extent the allegations of Paragraph 44 of the First Amended Complaint relate to Defendant Visible World, Inc., Cablevision lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

45.     Cablevision denies the allegations in Paragraph 45 of the First Amended Complaint as they relate to Cablevision.  To the extent that the allegations of Paragraph 45 of the First Amended Complaint relate to Defendant Visible World, Inc., Cablevision lacks knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

### INVIDI TECHNOLOGIES CORPORATION'S PRAYER FOR RELIEF

Cablevision denies that Plaintiff is entitled to the relief requested in its prayer for relief, as it relates to Cablevision.  To the extent that such prayer contains factual allegations relating to Cablevision, Cablevision denies them.  Plaintiff's prayer for

relief, as it relates to Cablevision, should be denied, with prejudice, in its entirety. No response is required or provided to the allegations in Plaintiff's prayer for relief that do not relate to Cablevision.

**AFFIRMATIVE AND OTHER DEFENSES**

46.     Further answering the First Amended Complaint and as additional defenses thereto, Cablevision asserts the following affirmative and other defenses. Cablevision does not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden. Cablevision reserves the right to add additional defenses and/or supplement its defenses, as Cablevision learns additional facts.

**FIRST DEFENSE (FAILURE TO STATE A CLAIM)**

47.     The First Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE (NON-INFRINGEMENT)**

48.     Cablevision has not infringed and does not infringe, either literally or by the doctrine of equivalents, any valid and enforceable claim of the '516 patent directly, indirectly, contributorily, or by inducement, alone or jointly with any entity, and has not infringed willfully.

**THIRD DEFENSE (INVALIDITY)**

49.     Each claim of the '516 patent is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1 et seq., including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and

112.  Furthermore, the specification of the '516 patent fails to provide sufficient detail to enable one of ordinary skill in the art to practice the invention.

### FOURTH DEFENSE (LICENSE, EXHAUSTION, FAILURE TO MARK)

50.    Plaintiff's claims are barred in whole or in part by one or more of the following: express or implied license; doctrine of patent exhaustion; and failure to plead compliance with patent marking pursuant to 35 U.S.C. § 287(a).

### FIFTH DEFENSE (LACK OF STANDING)

51.    To the extent that Plaintiff was not the sole and total owner of the '516 patent as of the filing date of the First Amended Complaint, Plaintiff lacks standing to bring one or more claims in this lawsuit.

### SIXTH DEFENSE (EQUITABLE BARS)

52.    Plaintiff's claims are barred in whole or in part by the doctrine of estoppel, laches and/or other equitable doctrines.

### COUNTERCLAIMS

1.    Cablevision is a limited liability company duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.  On information and belief, plaintiff Invidi Technologies Corporation is a corporation organized under the laws of the State of Delaware, having its principal place of business in Princeton, New Jersey.

2.    These counterclaims arise under 28 U.S.C. §§ 2201 and 2202; the patent laws of the United States, 35 U.S.C. § 101 *et seq.*; the antitrust laws of the United States, 15 U.S.C. § 1 *et seq.*; Delaware's Uniform Deceptive Trade Practices Act, 6 Del. C. § 2532 *et seq.*; and the common law.

3.      Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1337, 1338, and 1367.

4.      Venue in this district is proper for Cablevision's Counterclaims under 28 U.S.C. § 1391(b) and (c).

## DECLARATORY JUDGMENT COUNTERCLAIMS

### COUNT I
### DECLARATORY JUDGMENT OF
### NONINFRINGEMENT OF THE '516 PATENT

5.      Cablevision incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-4 of Cablevision's Counterclaims above.

6.      An actual controversy exists between Cablevision and Invidi over the alleged infringement, contributory infringement, or the inducement of infringement of the '516 patent.

7.      Cablevision, either individually or jointly with any other party, has not infringed, contributorily infringed, or induced the infringement of any valid and enforceable claim of the '516 patent, either literally or under the doctrine of equivalents.

8.      Cablevision, either individually or jointly with any other party, has not willfully infringed, contributorily infringed, or induced the infringement of any valid and enforceable claim of the '516 patent, either literally or under the doctrine of equivalents.

9.      Invidi's claims that Cablevision, either individually or jointly with any other party, has been or is infringing, contributorily infringing, or actively inducing the infringement of the '516 patent render this case exceptional within the meaning of 35 U.S.C. § 285, entitling Cablevision to recover its attorneys' fees, costs, and expenses incurred in defending against these claims.

## COUNT II
## DECLARATORY JUDGMENT OF
## INVALIDITY OF THE '516 PATENT

10.     Cablevision incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-9 of its Counterclaims above.

11.     An actual controversy exists between Cablevision and Invidi over the invalidity of the '516 patent.

12.     All claims of the '516 patent are invalid in light of the failure to comply with one or more requirements of at least 35 U.S.C. §§ 101, 102, 103 and/or 112.

## <u>ANTITRUST AND STATE LAW COUNTERCLAIMS</u>

13.     Cablevision incorporates by reference the allegations made in its affirmative defenses and in Paragraphs 1-12 of its Counterclaims above.

14.     Invidi's allegations in this action are objectively baseless.

15.     For example, the written description and claims of the '516 patent clearly define the claimed invention as covering systems and methods wherein commercial messages are selected for transmission to a specific home or set of homes based on an analysis of a database of demographic information.   As disclosed to Invidi during discovery in this action, Cablevision does not engage in such activities or actively induce others to do so.

16.     Invidi's infringement contentions, and presumptive claim construction positions, are a frivolous attempt to expand the scope of the claims of the '516 patent to allege infringement by Cablevision.   Moreover, if given the scope put forward by Invidi, the claims of the '516 patent would be clearly invalid.

17.     Invidi knew that its allegations were baseless in threatening to and seeking to enforce the '516 patent.

18.     For example, Invidi had sufficient information regarding Cablevision's household addressable advertising solutions at all relevant times, including knowledge that third party data providers such as Experian were required to conduct any analysis involving demographic data, to know that Cablevision did not infringe the '516 patent.

19.     ███████████████████████████████████████

████████████████████████████    ████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████

20.     A number of allegations in Invidi's original Complaint filed May 5, 2011, including (1) that "[Visible World] offers a web-based campaign management tool, the Visible World Conductor, which enables advertisers to automate data-driven ad targeting" by "facilitat[ing] segmentation of TV ads to enable household addressable advertisement campaigns" (Compl. ¶ 23); (2) that "household demographic information is stored in a  database accessible to the [Visible World] products and is derived from third party demographic data repositories such as Nielsen, Experian, and Acxiom" (Compl. ¶ 25); and (3) that "Cablevision uses the information from the [Visible World] household addressable advertising system to transmit commercial messages to specific households based on the set top box address of the set top boxes associated with the

household being targeted by the addressable advertisement" (Compl. ¶ 35), are clearly and unmistakably false.

21.     Regardless of what Invidi may have believed at the time it filed its original Complaint on May 5, 2011, Invidi has now had discovery, including extensive document discovery and depositions of technical witnesses, which demonstrated that the above allegations listed in Paragraph 20 are clearly and unmistakably false.  Nonetheless, Invidi repleaded these allegations unchanged in its First Amended Complaint.

22.     At all relevant times, Invidi pursued its baseless allegations with the specific intent to interfere with Cablevision's business and monopolize a relevant market.

23.     Invidi made or caused to be made threatening communications to one or more current or prospective customers or partners of Cablevision in an effort to intimidate and discourage them from buying, using, selling, and/or promoting Visible World's household addressable advertising solutions and from entering into relationships to do so, and to foreclose Visible World from competing on the merits.

24.     ██████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████

25.     Invidi, aware that its infringement allegations were baseless, filed a Complaint and a First Amended Complaint (the "lawsuit") in this District in an effort to intimidate and discourage Visible World and its actual and potential customers and partners from buying, using, selling, and/or promoting Visible World's household

addressable advertising solutions and from entering into relationships to do so, and to foreclose Visible World from competing on the merits.

26.    For example, Invidi's lawsuit names Cablevision as a defendant to intimidate and discourage Cablevision and others from buying, using, selling, and/or promoting Visible World's household addressable advertising solutions and from entering into relationships to do so, and to foreclose Visible World from competing on the merits.

27.    Invidi's lawsuit seeks damages and injunctive relief in an effort to discourage Cablevision and others from buying, using, selling, and/or promoting Visible World's household addressable advertising solutions and from entering into relationships to do so, and to foreclose Visible World from competing on the merits.

28.    Invidi's lawsuit seeks to discourage competition on the merits by imposing financial hardships on Cablevision and others by forcing them to defend this case, among other things.

29.    The properly defined relevant product market is the market for household addressable advertising solutions. The properly defined geographic market is the United States.

30.    Household addressable advertising solutions constitute a relevant product market, separate from other forms of advertising.   The distinct characteristics and potential benefits of household addressable advertising differentiate it from the broader market for advertising.

31.    There are significant barriers to entry in the market for household addressable advertising solutions, including Invidi's anticompetitive activities.  There are

few providers of household addressable advertising solutions beyond Invidi and Visible World, whom Invidi seeks to shut out by this lawsuit.  Invidi's actions are calculated to stymie growth by Visible World and preserve or enhance, by unlawful means, Invidi's share, all at the expense of consumers.

32.     The trade and interstate commerce relevant to this action is the provision of household addressable advertising solutions.

33.     Invidi participates in the sale of household addressable advertising solutions across state lines.

34.     Invidi's activities have excluded competition and restrained trade in the relevant markets and have directly and adversely affected Visible World's ability to provide household addressable advertising solutions.

35.     Invidi has acted and will continue to act to drive Visible World out of the market.  This will stifle competition in the current market and will chill future competition by ensuring any potential market entrants will have to weigh the benefit of entering against defending Invidi's anticompetitive practices.

36.     Cablevision is incurring great expenses to defend this lawsuit and navigate Invidi's unlawful practices.

37.     By its conduct, including this lawsuit, Invidi defames Cablevision and harms its reputation.

38.     By its conduct, including this lawsuit, Invidi is harming Cablevision's continuing operations and future business opportunities.

**COUNT III**
**SHERMAN ACT § 2**

39.     Cablevision incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-38 of its Counterclaims above.

40.     Invidi either currently has monopoly power in the properly defined relevant market, or has a dangerous probability of success in achieving monopoly power in the relevant market.

41.     As a result of the intentional exclusionary conduct detailed above, including by filing this objectively baseless lawsuit, Invidi has maintained and/or enhanced its monopoly power in the relevant market artificially, and thus prevented actual and/or potential competitors from competing on the merits.

42.     Invidi's conduct has had and/or is likely to have the following effects, among others:

    a.   actual and potential competition in the relevant market has been injured, limited, reduced, restrained, suppressed, and effectively foreclosed;

    b.   customers in the relevant market, including but not limited to Cablevision, have paid or are likely to pay anticompetitive prices and have received or are likely to receive lower quality products and services, and have been injured in their business and property;

    c.   actual or potential customers in the relevant markets have been forced or are likely to be forced to accept defective products and services; and

    d.   actual and potential competitors of Invidi have been effectively foreclosed from competing on the merits with Invidi in the relevant market.

43.     Invidi's actions achieve no legitimate competitive benefit to counterbalance the anticompetitive effects of Invidi's exclusionary conduct.

44.     Cablevision has been harmed and can reasonably expect to be harmed by Invidi's exclusionary conduct.  This harm will continue and can reasonably be expected to continue as long as Invidi continues to falsely assert that the '516 patent is infringed by Cablevision.

**COUNT IV**
**DECEPTIVE TRADE PRACTICES – 6. DEL. C. § 2532** *et seq.*

45.　　Cablevision incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-44 of its Counterclaims above.

46.　　Invidi has engaged in deceptive trade practices, in violation of 6 Del. C. § 2532, by disparaging Cablevision's goods, services, and businesses by falsely and misleadingly alleging that Cablevision's products and services infringe the '516 patent and that media agencies and advertisers who partnered with, or contracted for the products and services of, Cablevision would not be able to continue using Cablevision's products and services related to household addressable advertising.

47.　　Invidi has engaged in deceptive trade practices, in violation of 6 Del. C. § 2532, by falsely representing that the '516 patent gives Invidi a monopoly on household addressable advertising, and that only Invidi can lawfully provide products and services related to household addressable advertising.

48.　　Invidi has engaged in deceptive trade practices, in violation of 6 Del. C. § 2532, by engaging in other conduct that creates a likelihood of confusion or misunderstanding, including but not limited to, instituting and prosecuting objectively baseless patent litigation designed only for improper purposes.

49.　　Invidi has acted in bad faith while engaging in these deceptive trade practices.

50.　　Cablevision has been harmed and can reasonably expect to be harmed by Invidi's deceptive trade practices.  This harm will continue and can reasonably be expected to continue as long as Invidi continues to falsely assert that the '516 patent is infringed by Cablevision.

## COUNT V
## UNFAIR COMPETITION

51.    Cablevision incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-50 of its Counterclaims above.

52.    Invidi's misleading and deceptive conduct detailed above, including misrepresentations, threats, and other efforts to enforce the '516 patent it knew to be not infringed and/or invalid, constitutes common law unfair competition.

53.    Invidi unlawfully defamed Cablevision and others by its conduct detailed above, including by filing this lawsuit.

54.    Invidi unlawfully disparaged Cablevision and others by its conduct detailed above, including by filing this lawsuit.

55.    Invidi unlawfully intimidated Cablevision's current and prospective partners and customers as detailed above, including by making or causing to be made threatening communications and by filing this lawsuit.

56.    Cablevision has been harmed and can reasonably expect to be harmed by Invidi's unfair competition.  This harm will continue and can reasonably be expected to continue as long as Invidi continues to falsely assert that the '516 patent is infringed by Cablevision.

## COUNT VI
## TORTIOUS INTERFERENCE

57.    Cablevision incorporates by reference the allegations made in its Affirmative Defenses and in Paragraphs 1-56 of its Counterclaims above.

58.    Cablevision has and continues to develop relationships in furtherance of selling and promoting its products and services related to household addressable advertising.

19

59.     Invidi was and is aware of Cablevision's current and prospective relationships.

60.     By its conduct as detailed above, Invidi tortiously and in bad faith interfered with Cablevision's current and prospective relationships.

61.     Invidi's conduct was intended to interfere with Cablevision's current and prospective relationships and Cablevision's legitimate business expectations.

62.     Cablevision has been harmed and can reasonably expect to be harmed by Invidi's tortious interference.  This harm will continue and can reasonably be expected to continue as long as Invidi continues to falsely assert that the '516 patent is infringed by Cablevision.

## RIGHT TO ASSERT ADDITIONAL COUNTERCLAIMS

63.     Cablevision's investigations into the allegations set forth in Invidi's First Amended Complaint are ongoing.  Cablevision expressly reserves the right to assert and pursue additional counterclaims.

## DEMAND FOR A JURY TRIAL

Cablevision demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

For the reasons set forth above, Cablevision prays for the Court's judgment that:

a)  The claims of the '516 patent are invalid;

b)  Cablevision, either individually or jointly with any other party, has not infringed, contributorily infringed, or induced the infringement of any claim of the '516 patent;

c)  Plaintiff's First Amended Complaint be dismissed with prejudice;

d) Plaintiff take nothing by reason of its claims against Cablevision;

e) Cablevision is entitled to money damages as a result of Invidi's violation of the antitrust laws, deceptive trade practices, unfair competition, and tortious interference, including compensatory damages, treble damages, punitive damages, and attorneys' fees and costs under 15 U.S.C. § 15(a), 6 Del. C. § 2533, and the common law;

f) Plaintiff cease all anticompetitive and unlawful activities;

g) This case is exceptional and entitles Cablevision to an award of its costs, expenses, and attorneys' fees under 35 U.S.C. § 285;

h) Cablevision is entitled to an award of its costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1927; and

i) Cablevision be granted such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Regina S.E. Murphy*

_____
Jack B. Blumenfeld (#1014)
Regina S.E. Murphy (#5648)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rmurphy@mnat.com

*Attorneys for Visible World, Inc. and CSC Holdings, LLC*

OF COUNSEL:

John E. Nathan
Catherine Nyarady
Andrew S. Brown
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY  10019
*Attorneys for Visible World, Inc. and Cablevision Systems Corporation*

Benjamin Hershkowitz
R. Scott Roe
Justin Solomon Nematzadeh
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue, 47th Floor
New York, NY  10166-0193
*Attorneys for Cablevision Systems Corporation*

September 27, 2012 - Original Filing Date
6489678.1
October 3, 2012 - Redacted Filing Date

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 27, 2012, upon the following in the manner indicated:

Thomas L. Halkowski, Esquire                    *VIA ELECTRONIC MAIL*
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801

Frank E. Scherkenbach, Esquire                  *VIA ELECTRONIC MAIL*
Steven R. Katz, Esquire
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA  02210


                              */s/ Regina S.E. Murphy*
                              _____
                              Regina S.E. Murphy (#5648)

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 3, 2012, upon the following in the manner indicated:

Thomas L. Halkowski, Esquire                              *VIA ELECTRONIC MAIL*
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE  19801

Frank E. Scherkenbach, Esquire                          *VIA ELECTRONIC MAIL*
Steven R. Katz, Esquire
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA  02210

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)