MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JACK B. BLUMENFELD
302 351 9291
302 425 3012 FAX
jblumenfeld@mnat.com

November 21, 2012 - Original Filing Date
November 28, 2012 - Redacted Filing Date

REDACTED - PUBLIC VERSION

The Honorable Christopher J. Burke
United States District Court
For the District of Delaware
844 North King Street
Wilmington, DE 19801

*VIA ELECTRONIC FILING*

Re: *Invidi Technologies Corporation v. Visible World, Inc., et al.*
C.A. No. 11-397 (RGA) (CJB)

Dear Judge Burke:

Defendants submit this letter for the November 28, 2012 discovery conference. Defendants seek the production or *in camera* review of documents Invidi has withheld as privileged. This is the second time Defendants have raised an issue involving Invidi's claims of privilege. Defendants previously sought an order compelling the production of documents that Invidi has withheld on the basis of privilege and a purported common interest with John Carles, the named inventor on the patent-in-suit. Briefing of that issue was completed on September 12, 2012 and the matter is pending. *See* D.I. 68; D.I. 71; D.I. 83; D.I. 92; D.I. 100.

**Background.** On July 16, 2012, Invidi served its first privilege log. That log listed 3,678 withheld documents. Ex. A [7/16/2012 Invidi Privilege Log]. It did not, however, provide a substantive description of the subject matter of any of the withheld documents, instead describing each document as a communication reflecting, discussing, and/or requesting legal advice. *Id.* Invidi also did not log any of the many documents that it had redacted based on a claim of privilege. The next day Defendants identified these deficiencies, among others, and requested that Invidi supplement its log. Ex. B [7/17/2012 Email Brown to Sherry]. Thereafter, Defendants continued to request that Invidi supplement its log. *See, e.g.*, Ex. C [9/25/2012 Email Brown to Katz]. Although Invidi indicated that it would do so, including identifying documents that had been redacted based on a claim of privilege, it did not supplement its log until more than two months later. *See id.* [9/27/2012 Email Katz to Brown].

On September 27, 2012, Invidi served a "supplemental" privilege log. *Id.* Rather than providing substantive subject matter descriptions for the entries on its initial log, Invidi reduced

its log to fewer than 135 entries.[1] Ex. D [9/27/2012 Invidi Privilege Log]. That is, Invidi removed from its supplemental log more than 3,500 entries that had been on its initial log. But Invidi did not produce the documents that it had removed, instead arguing that the entries had been removed because they were "not relevant to any issue currently the subject of discovery." Ex. C [9/27/2012 Email Katz to Brown]. In its supplemental log, Invidi again failed to list any of the documents it had redacted on the basis of a claim of privilege. *See id.* [10/15/2012 Email Brown to Katz]. Defendants again requested that Invidi cure these deficiencies. *Id.* On October 18, 2012, Invidi finally served a log including Invidi's alleged basis for the many redactions in its documents. Ex. E [10/18/2012 Invidi Redaction Log].

On November 16, 2012, Invidi served another supplemental privilege log. Ex. F [11/16/2012 Invidi Privilege Log]. This time, Invidi reinstated three of the entries it had removed from its September 27, 2012 log. *See id.* at nos. 278-280. Invidi also added another 16 entries identifying communications between Mr. Carles and the attorney who had prosecuted the application that led to the patent-in-suit. *See id.* at nos. 3933-3948.

**Argument.** The party asserting a claim of privilege has the burden of proving that the privilege applies. *See Leader Techs., Inc. v. Facebook, Inc.*, 719 F. Supp. 2d 373, 376 (D. Del. 2010). The elements required for the attorney-client privilege are: "(1) a communication (2) made between privileged persons (3) in confidence (4) for the purpose of obtaining or providing legal assistance for the client." *Degussa v. Materia Inc.*, 2011 WL 3707067 at *2 (D. Del. August 24, 2011). "[A] proper claim of attorney-client privilege requires a specific designation and description of the documents within its scope as well as precise and certain reasons for preserving their confidentiality . . . with sufficient particularity that the opposing counsel can intelligently argue that the privilege ought not to apply." *Applied Biosystems, Inc. v. Cruachem, Inc.*, C.A. No. 89-579 (JJF), slip op. at 4 (D. Del. Oct. 16, 1991) (quoting *Willemijn Houdstermaatschaapij BV v. Apollo Computer, Inc.*, 707 F. Supp. 1429, 1439, 1443 (D. Del. 1989) (internal quotations omitted)). An *in camera* review of withheld documents is appropriate if necessary "to avoid misapplication of the privilege." *Apollo*, 707 F. Supp. at 1450.

The purpose of a privilege log is to "describe the nature of the [withheld] documents, communications, or tangible things—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). It has become apparent here that, in at least some instances, the entries on Invidi's privilege logs do not accurately describe the documents Invidi has withheld, and that Invidi is using claims of privilege to attempt to shield from discovery information that is not privileged, but that is damaging to Invidi's claims and central to Defendants' defenses and counterclaims. Invidi has also withheld documents but refused to log them.

**Improper Redactions.** For example, Invidi produced a redacted document starting at Bates number INV0066147. Ex. G. Invidi's basis for the redaction is that it was a "[c]onfidential attorney-client communication seeking legal advice regarding licensing." Ex. E at INV0066147. Invidi, however, also produced a document including the same communication

---

[1] Although Invidi's September 27, 2012 Supplemental Privilege Log contains 135 distinct rows, many of the entries appear to be duplicates, including having the same log number. *See, e.g.*, Ex. D at no. 1630.

unredacted. Ex. H [INV0039573]. This communication between two non-attorneys simply states: [redacted] *Id.* It is clearly not privileged.

It is, however, highly relevant to Defendants' counterclaims and defenses. [redacted] Such evidence goes directly to Invidi's subjective intent in filing this lawsuit, including Invidi's subjective belief as to the scope of the patent-in-suit, relevant to Defendants' state law and antitrust counterclaims. It is also relevant to Defendants' defenses, including equitable estoppel, because it is one piece of the puzzle as to why Invidi delayed so long after knowing the relevant details of Defendants' systems before filing its complaint.

Invidi also produced a redacted document starting at Bates number INV0039583. Ex. I at INV0039596. Invidi's basis for the redaction is that it was a "[c]onfidential document reflecting legal advice regarding Invidi's intellectual property." Ex. E at INV0039583. Invidi, however, also produced a copy of the same document that was not redacted. Ex. J [INV0060117]. The document appears to be designed to be shared with customers and/or investors. *Id.* [redacted] This document is clearly not privileged, but for the reasons described above, is highly relevant to Defendants' defenses and counterclaims.

Similarly, Invidi produced a redacted document starting at Bates number INV0040703. Ex. K. Invidi's basis for redacting the document is that it is a "[c]onfidential attorney-client communication seeking legal advice regarding Cablevision negotiations." Ex. E at INV0040703. Invidi, however, also produced a document that included the same communication unredacted. Ex. L [INV0040699]. The communication is from Mr. Downey to Mr. Anderson, both non-attorneys. *Id.* [redacted] *Id.* Again, this communication is clearly not privileged. And for similar reasons, it is highly relevant to Defendants' defenses and counterclaims. [redacted]

Invidi has reviewed each of these documents at least twice: first, when it made the initial decision to redact the documents, and second, when it logged the redactions and provided the alleged basis for them. Invidi's decision to redact these documents based on an improper claim

of privilege, and then to maintain those claims despite reviewing the documents again, provides a factual basis adequate to support a belief that Invidi has withheld additional information that is similarly (1) not privileged, and (2) relevant to Defendants' defenses and counterclaims. *Cf. General Elec. Co. v. Hoechst Celanese Corp.*, 1990 WL 154218, at *5 (D. Del. May 8, 1990) (discussing standard for *in camera* review of documents with respect to crime-fraud exception). Accordingly, Defendants submit that *in camera* review is appropriate. *Cf. id.*

**Improper Removal of Documents from Privilege Log.** As discussed above, Invidi has also removed more than 3,500 entries from its privilege log, but has not produced those documents. Instead, Invidi argues that the documents are "not relevant to any issue currently the subject of discovery." Invidi did not claim, however, that the documents were not responsive to Defendants' discovery requests. In similar situations, other Courts have ordered that documents logged and then subsequently removed from a privilege log be produced. *See, e.g.*, *Dey, L.P. v. Sepracor, Inc.*, 2010 WL 5094406 (S.D.N.Y. 2010) (ordering the production of documents that were removed from a privilege log but never subsequently produced, over a claim of irrelevance).

At the least, Invidi should be ordered either to log the documents or to explain how they are not responsive and submit a random sample for an *in camera* review to determine whether they are in fact privileged and not responsive. Defendants are unable to adequately assess either Invidi's claim of privilege or its claim that they are not relevant, because Invidi has never provided a substantive subject matter description of any of the documents sufficient to allow Defendants to do so.

In those instances where Defendants are able to assess Invidi's claim of lack of relevance, they disagree with Invidi's position. For example, following Defendants' motion to compel the production of communications between Invidi and Mr. Carles, Invidi removed at least 13 entries from its privilege log describing communications with Mr. Carles being withheld on the basis of the privilege or product. *Compare* Ex. A at nos. 42, 44, 45, 385, 495, 497, 499, 502, 733, 734, 1988, 2296, 3480 *with* Ex. F. Given that Mr. Carles' involvement with Invidi related solely to matters involving the patent-in-suit, it is hard to believe that these documents could be irrelevant.

Similarly, in its initial log, Invidi identified a large number of documents withheld on the basis of a "mediation privilege," but those documents were removed from its supplemental log. *Compare* Ex. A at nos. 3415-3678 *with* Ex. F. Regardless of whether the documents are covered by a mediation privilege, [redacted], both issues that are highly relevant to the Defendants' defenses and counterclaims.

Invidi should not be allowed to shield its documents and even its privilege claims from scrutiny by unilaterally removing from its privilege logs thousands of documents. Either production of the documents or an *in camera* review should be ordered.

Respectfully,

Jack B. Blumenfeld

JBB/dlw
Enclosures
cc: Clerk of Court (Via Hand Delivery; w/ encl.)
Thomas L. Halkowski, Esquire (Via Electronic Mail; w/ encl.)
Steven Katz, Esquire (Via Electronic Mail; w/ encl.)
Catherine Nyarady, Esquire (Via Electronic Mail; w/encl.)
Benjamin Hershkowitz, Esquire (Via Electronic Mail; w/ encl.)